UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFONSO HOWARD,

    Petitioner,

                        Case No. 8:14-CV-1544-T-27MAP
                                  8:00-CR-314-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV-D-1; CR-D-104). Because review of "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will not cause notice of the motion to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255(b).

By way of background, on March 7, 2001, Petitioner pled guilty to Counts One and Three of the Indictment for conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(I). The Court sentenced Petitioner on

August 23, 2001, to a term of imprisonment of 262 months as to Count One and a term of 60 months as to Count Three, to run consecutive to count one. Petitioner did not appeal.

On January 17, 2006, Petitioner filed his first section 2255 motion in which he raised two claims. First, Petitioner argued that the Government breached the plea agreement. Second, Petitioner contended that his sentence was unconstitutionally enhanced.

In an order dated January 24, 2006, the Court found that Petitioner was not entitled to relief as to his second claim. By order dated April 5, 2006, the Court found Petitioner's first claim was untimely and dismissed the motion. The Eleventh Circuit denied Petitioner a certificate of appealability on August 24, 2006.

On June 19, 2014, Petitioner filed his second § 2255 motion. He claims that his 1987 Florida conviction for strong armed robbery was unconstitutionally used to enhance his sentence.

Petitioner's motion is successive. Prior to filing a second or successive § 2255 motion, a prisoner must seek leave from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A);

2

2255(h); <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 944-45 (11th Cir. 2005). Because Petitioner did not obtain permission from the Eleventh Circuit to file his motion, the Court lacks jurisdiction to consider the motion.

It is therefore ORDERED that:

1)   Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (D-1) is DISMISSED.

2)   The Clerk is directed to CLOSE this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL <u>IN FORMA PAUPERIS</u> DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529

U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 10th day of July, 2014.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE